Settle order on two (2) days' notice.

**In the Matter of Richard MIRMAN, Bankrupt.**

**No. 19276.**

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 19, 1960.

924

Harry Spilka, Norfolk, Va., for bankrupt.

Fred E. Martin, Jr., Norfolk, Va., for Wilkins Chevrolet.

WALTER E. HOFFMAN, District Judge.

On this petition for review the single question presented involves the determination of what constitutes a financial statement sufficient to bar a discharge in bankruptcy.

Accepting as correct the facts as found by the Referee, it appears that the bankrupt, an employee of High Point Factory Outlet, took his personally owned automobile to Wilkins Chevrolet, Inc., for the purpose of repairs aggregating in excess of $400. According to the Referee, the bankrupt represented that the repair work was to be done and charged to High Point Factory Outlet and that he, the bankrupt, had the authority to make such a charge. He signed the customary work order on a form provided by Wilkins Chevrolet containing the detail of the work done and materials to be furnished. The pertinent portion of the form reads as follows:

"I hereby authorize the above repair work to be done with the necessary material.

"R. Mirman."

In reliance upon the representation that the bankrupt was authorized to incur the indebtedness for High Point Factory Outlet, Wilkins Chevrolet proceeded to repair the automobile. The creditor contended, and the Referee agreed, that the bankrupt's signature to the work order constituted obtainance of an extension of credit by making a materially false statement in writing respecting his financial condition. 11 U.S.C.A. § 32, sub. c(3).

It is important to bear in mind the distinction between what constitutes grounds for refusal of a discharge as set forth in § 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, and what debts are not affected by a discharge as provided by § 17 of the Bankruptcy Act, 11 U.S.C.A. § 35. Under the evidence presented it is entirely probable that the bankrupt's liability for the debt to Wilkins Chevrolet is not affected by the discharge, as a court of competent jurisdiction may declare that the bankrupt's acts were tantamount to obtaining property by false representation. The objecting creditor urged that the bankrupt's signature to the work order, together with his verbal representations, operated in a manner to extend credit which would not have otherwise been granted. Conceding this to be true, the Referee has placed too great stress upon the *effect* of the signature to the work order. There is nothing reflected on the work order as to the bankrupt's financial condition. It is clearly not a statement in writing respecting his financial condition. Remington on Bankruptcy, 6th Ed., Vol. 7, § 3121, § 3122.

An order will be entered by the Referee granting the bankrupt's discharge unless there be other objections pending and undetermined.